HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELA OLINGHOUSE,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA and GAYLE BRANNON,<br><br>  Defendants. | CASE NO. C14-5871 RBL<br><br>ORDER<br><br>[Dkt. #s 4, 10, 16, 20, and 23] |

THIS MATTER is before the court on the following motions: Defendant Sea Mar's Motion to Dismiss [Dkt. #4]; Plaintiff Olinghouse's Motion to Appoint Counsel [Dkt. # 10]; Defendant Bannon's Motion for Summary Judgment [Dkt. #16]; Olinghouse's Motion for an Extension of Time to Complete Discovery [Dkt. #20], and Defendants' responsive Motion to Stay Discovery pending the outcome of its dispositive Motion [Dkt. # 23].

Olinghouse suffered a burn[1] on her left breast. On March 14, 2011, she went to Sea Mar and was treated by a Registered Nurse (ARPN), former Defendant Steward, who diagnosed a

---

[1] There are references in the medical records to a "tanning bed," a heating pad, and "heat/ massage oils" as the cause of the burn. The burn apparently occurred less than a week before the date Olinghouse first sought treatment from Sea Mar, March 14, 2011.

1  second degree burn[2]. She returned three days later and saw a Physician's Assistant, Defendant
2  Bannon, who also recorded a second degree burn, and that Olinghouse had "cellulitis/abscess"
3  She prescribed Keflex and Tylenol and instructed Olinghouse to return on March 21, or to seek
4  emergency treatment over the upcoming weekend if the swelling enlarged. [Dkt. #17, Ex A and
5  B] The burn got worse and Olinghouse went to Capital Medical Center on March 19, where she
6  was sent to Harborview. She was admitted and ultimately had to have a skin graft.

7      Sea Mar is a "federal employee" and the United States is the proper defendant. [*See* Dkt.
8  #s 3, 22]. The United States removed the case to this court under 28 U.S.C. §1441 and 1442. It
9  seeks dismissal of Olinghouse's claims for failure to comply with the Federal Tort Claims Act's
10 claims procedures, and argues that the time for complying has expired. Bannon seeks summary
11 judgment, arguing[3] that Olinghouse has not and cannot identify expert testimony in support of
12 her claim that the medical care she received was below the standard of care:

13     Expert testimony is required to establish that any alleged breach of the standard of
    care proximately caused the claimed injuries.
14
15 *Citing* RCW 7.70.040 and *Harris v Groth*, 663 P.2d 113 (1983). Olinghouse argues that such
16 expert testimony is not required "if the questioned practice of the professional is such a gross

17 _____

18   [2] The state court dismissed Olinghouse's claims against Steward because she was never
served. [Dkt. #7 at p. 38] Olinghouse's First Amended Complaint, also filed in state court, did
19 not name Steward as a defendant. [Dkt. #7 at p. 31]

20   [3] Bannon also points that the Thurston County Superior Court already granted this
Motion on November 6, 2014, after the United States removed the case from that court on
21 October 31—which Sea Mar's attorney knew it was going to do. Indeed, he also filed a "motion
for removal" in state court. But that is not how removal works. *See* 28 U.S.C. §1441 (civil
22 action subject to Federal Court's original jurisdiction "may be removed *by the defendant*.") The
Court shares Olinghouse's confusion about why the Superior Court hearing was held after the
23 case was removed, if not her suspicions that Defendants were taking advantage of her *pro se*
status.
24     In any event, the parties agree that the Superior Court's decision is not binding.

deviation for ordinary care that a lay person could easily recognize it." *McLaughlin v. Cooke*, 774 P.2d 1171 (1989). She claims that the claimed mis-diagnosis of her burns as "second degree" when they turned out to be "third degree" is such a deviation from the standard of care.

She also seeks an attorney and for additional time to conduct discovery. The Motions are addressed in turn.

**A. The United States is dismissed.**

The Untied States argues that Olinghouse's claims are subject to the Federal Tort Claims Act, and that she did not timely submit a claim under that statute. *See* 28 U.S.C. § 2675(a). It claims that the limitations period has expired and all of her claims against it must be dismissed. Olinghouse's Response [Dkt. #13] questions whether her failure to comply with the FTCA has a similar effect on her failure to train and failure to supervise claims. Unfortunately, the effect is the same, as the United States points out:

> [T]he FTCA is limited waiver of sovereign immunity that renders the United States vicariously liable for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Accordingly, the text of the statute itself considers all the claimed acts of negligence made in this lawsuit.

[Dkt. #24 at 2].

The United States is correct; Olinghouse's failure to exhaust her administrative remedies under the FTCA is fatal to all of her negligence claims against the United States (which is, for purposes of this case, Sea Mar) The Motion to Dismiss [Dkt. #4] is GRANTED and Olinghouse's claims against the United States are DISMISSED with prejudice.

**B. Olinghouse's motion for an attorney is denied.**

An indigent plaintiff in a civil case has no constitutional right to counsel unless she may lose her physical liberty if she loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S.

[DKT. #S 4, 10, 16, 20, AND 23] - 3

18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Olinghouse has not demonstrated the exceptional circumstance required for this court to appoint counsel in this case.  As the Defense Motions point out, her claims are tenuous.  She has not shown a "likelihood of success on the merits."  She has also demonstrated that she can in fact articulate her claims and arguments quite well.  The fact that she cannot locate an attorney is not an independent basis for appointing one at the public's expense, and the court will not do so. The Motion for Counsel [Dkt. #10] is DENIED.

**C. Olinghouse's medical malpractice claim requires evidence supporting the alleged misdiagnosis.**

Bannon's Motion for Summary Judgment claims that Olinghouse's failure to provide expert testimony regarding the standard of care, its breach, and causation. Olinghouse argues that her claim—misdiagnosis of the severity of her burn—does not require medical expert opinion.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to

the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

    The standard for a medical negligence claim in Washington is described above:

> Expert testimony is required to establish that any alleged breach of the standard of care proximately caused the claimed injuries.

RCW 7.70.040 and *Harris v Groth*, 663 P.2d 113 (1983). Bannon argues (and Olinghouse agrees) that this rule does not apply in cases where the "gross deviation" from the standard is such that a reasonable lay person can readily recognize it. Bannon claims that such situations are limited to instances like leaving a surgical instrument in a patient, or operating on the wrong limb—literally, obvious mistakes.

    Olinghouse argues that misdiagnosing a third degree burn as a second degree burn is similarly obvious; that it is "*res ipsa loquitor*" that the failure to properly diagnose the severity of her burn could only have been the result of negligence. This argument is misplaced. The failure to promptly diagnose the severity of a week old burn could happen in the absence of negligence,

and it certainly is not the sort of "obvious" negligence that a reasonable lay person could see without expert testimony. Olinghouse herself, for example, did not diagnose the severity of the burn, or object to the treatment she was given on March 14 or 17. She did not even seek medical attention for some days prior to March 14.

The allegedly mis-diagnosed severity on March 14 and March 17 is not akin to a patient waking up with the wrong leg amputated, who can instantly and unequivocally know that a mistake was made. Olinghouse still has not articulated what treatment she should have been given, and cannot establish without expert testimony that her damages were the result of negligence, rather than the original burn itself.

Bannon's Motion for Summary Judgment[Dkt. #16]—based on the absence of evidence supporting the key elements of Olinhouse's claim—is well-taken, and it is GRANTED. The claims against Bannon are DISMISSED with prejudice.

**D.  The discovery motions are denied as moot.**

Olinghouse's Motion for Additional Time to Conduct Discovery [Dkt. #20], and the United States' Motion to Stay Discovery [Dkt. #23], are DENIED as moot.

The case is DISMISSED with prejudice.

Dated this 19th day of February, 2015.

_RONALD B. LEIGHTON (signature)_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE